Of Counsel:

BAYS LUNG ROSE & HOLMA

CRYSTAL K. ROSE              3242-0
(crose@legalhawaii.com)
Attorney at Law
A Law Corporation
ADRIAN L. LAVARIAS           8578-0
(alavarias@legalhawaii.com)
Attorney at Law
A Law Corporation
GEORGIA ANTON                10461-0
(ganton@legalhawaii.com)
Topa Financial Center
700 Bishop Street, Suite 900
Honolulu, Hawaii 96813
Telephone: (808) 523-9000

Attorneys for Plaintiff
U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR J.P. MORGAN MORTGAGE
ACQUISITION TRUST 2006-WMC2, ASSET
BACKED PASS-THROUGH CERTIFICATES,
SERIES 2006-WMC2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC2, <br><br>                     Plaintiff, | ) CIVIL NO. 18-00225-DKW-KSC <br> ) <br> ) PLAINTIFF'S SUPPLEMENTAL <br> ) MEMORANDUM RE: MOTION TO <br> ) REMAND, FILED JUNE 25, 2018; <br> ) DECLARATION OF ADRIAN L. <br> ) LAVARIAS; EXHIBITS A-B; <br> ) <br> ) *(caption continued on next page)* |

|  |  |
|---|---|
| vs. | ) CERTIFICATE OF SERVICE |
|  | ) |
| DONNA MAE AMINA, ALSO KNOWN AS DONNA M. AMINA; MELVIN KEAKAKU AMINA ALSO KNOWN AS MELVIN K. AMINA; ASSOCIATION OF APARTMENT OWNERS OF 2304 METCALF STREET; and DOES 1 through 20, Inclusive, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) No trial date set. ) |

PLAINTIFF'S SUPPLEMENTAL
MEMORANDUM RE: MOTION TO REMAND, FILED JUNE 25, 2018

I.   INTRODUCTION

Pursuant to this Court's June 27, 2018 Order, Plaintiff U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC2 submits this Supplemental Memorandum In Support of Motion to Remand to address the timeliness and/or propriety of removal based on diversity jurisdiction.

II.   DISCUSSION

    A.   Defendants' Removal To Federal Court Based On Diversity Is Untimely

Pursuant to 28 U.S.C. § 1446(b), a defendant must seek to remove a case within thirty (30) days after receiving a copy of the initial pleading setting

forth the claim for relief upon which such action or proceeding is based.  See 28 U.S.C. § 1446(b).  The 30-day period in which 28 U.S.C. § 1446(b) applies to the removal of all actions to federal court, regardless of whether the action is being removed based on federal question or diversity jurisdiction grounds.  Id.

For removal based on either diversity jurisdiction or federal question, the thirty-day period begins to run upon Defendant's receipt of an "amended pleading, motion, order or other paper from **which it may first be ascertained that the case is one which is or has become removable**[.]" Id. (emphasis added).  Accordingly, where the defendant should have known that there were federal questions or that there was diversity jurisdiction based on a fair reading of the complaint, the defendant is barred from claiming a lack of knowledge in order to frustrate the policy of section 1446.  See Fate v. Buckeye State Mut. Ins. Co., 174 F. Supp. 2d 876, 880 (N.D. Ind. 2001).

Here, the Aminas were served with the Complaint on April 19, 2018, as evidenced by the Returns of Service filed with the State Court.  See Exhibit B and C to Plaintiff's Motion to Remand, filed June 25, 2018.  Based on a fair reading of the Complaint, the Aminas should have been alerted of any potential grounds for removal when they received Plaintiff's Complaint on April 19, 2018.  There is nothing in the Complaint that would have prevented the Aminas from ascertaining the information necessary for them to have filed their Notice of

Removal within the 30-day period set out in Section 1446. Furthermore, Plaintiff did not file an amended complaint or any additional pleadings that could potentially have triggered the running of the 30-day removal period from a later date. Therefore, the operative pleading that triggered the removal period was the original Complaint. Accordingly, the deadline for the Aminas to remove the case to federal court was **May 19, 2018**. Defendants did not file their Notice of Removal until June 14, 2018, **fifty-six (56) days** after they received the Complaint and would have been alerted to any grounds for removal.

Removal under diversity jurisdiction has an outside limit of one year from the filing of the complaint to remove. See 28 U.S.C. § 1446(c)(1). However, as discussed above, removal based on diversity jurisdiction must still be done within 30 days of receipt by defendants of the pleading setting forth the basis for such removal. Id. Thus, the deadline by which Defendants must have removed the action was May 19, 2018. In their Notice of Removal, the Aminas put forth no arguments as to why they should be excused from the bright-line 30-day period in which to remove the case.[1] Therefore, even if the Aminas had a valid basis for

---

[1] Defendants always bear the burden of establishing federal jurisdiction and doubts regarding federal jurisdiction should be resolved in favor of remanding the matter to state court. Hawaii v. Abbott Laboratories, Inc., 469 F. Supp. 2d 842, 851 (D. Hawaii 2006).

removal on the grounds of diversity jurisdiction, which they do not, removal is untimely and the case must be remanded to State Court.

      B.      Defendants Cannot Establish The Requirements To Invoke Diversity Jurisdiction

            1.    The Aminas failed to establish complete diversity

In their Notice of Removal, the Aminas allude to diversity jurisdiction, but fail to affirmatively state their residency for purposes of the same. In their Notice to Remove the Aminas state that "Defendants are not citizens of Hawaii. Defendants are not domiciled in Hawaii." See Dkt. 1, p. 2. To sufficiently plead diversity jurisdiction, the party seeking to remove must affirmatively state the citizenship of all parties so that complete diversity can be confirmed. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (Case remanded to state court based on lack of complete diversity and failure to establish amount in controversy). Here, the Aminas only allege that they are _not_ citizens of Hawaii, and do not identify their citizenship. As cited above, a Defendant bears the burden of establishing federal jurisdiction. Abbott Laboratories, 469 F. Supp. 2d at 851. Thus, the Aminas failed to establish

complete diversity and, as a result, cannot seek to remove based on diversity jurisdiction.

> 2. There is no diversity jurisdiction because the Aminas are citizens of the state in which the State Court Action was brought

Removal based on diversity jurisdiction is not available to a defendant if the matter was originally filed in any of the named defendants' home states. See 28 U.S.C. § 1446(b)(2). The statute specifically carves out this exception for otherwise removable diversity cases:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1446(b)(2).

Notwithstanding that the Aminas claim in their Notice of Removal that they are not citizens of Hawaii, the Aminas are, in fact, citizens of the State of Hawaii. For purposes of diversity jurisdiction, courts look at where an individual is domiciled to determine citizenship. Kanter, 265 F.3d at 857. "[D]omicile means living in the locality with intent to make it a fixed and permanent home." Weible v. United States, 244 F.2d 158, 163 (9th Cir. 1957) (internal quotations omitted); see also Kanter, 265 F.3d at 857 ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return.").

602553_1

The Aminas' own Complaint regarding the same property and same debt filed in the state court in <u>Melvin Keakaku Amina, et al. v. WMC Finance, et al.</u>, Civil No. 18-1-0415-03 VLC, states "Plaintiffs are citizens of Hawaii." A copy of this complaint is attached hereto as Exhibit A.[2] As such, the Aminas cannot claim that they are citizens of Hawaii in one court filing and claim they are not citizens of Hawaii in another. Moreover, as the Complaint states, the Aminas are the owners of record of the home located at 2304 Metcalf Street, Unit #2, Honolulu, Hawaii 96822. <u>See</u> Dkt. 1. Defendants have signed both of their pleadings in this matter from Honolulu, Hawaii, and listed their current address on the same pleadings at the above-reference address. <u>See</u> Dkt. 1 and Exhibit B (Defendants' Motion for More Definite Statement). Thus, every indication is that the Aminas are domiciled in Hawaii, making them citizens of the State of Hawaii for purposes of jurisdiction.

As cited above, 28 U.S.C. § 1446(b)(2) prohibits removal based on diversity jurisdiction if the underlying action is filed in the home state of any of the defendants. Because the Aminas are citizens of the State of Hawaii, removal based

---

[2] This Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." <u>United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.</u>, 971 F.2d 244, 248 (9th Cir. 1992) (internal citations omitted). Courts regularly take judicial notice of facts from court documents. <u>See</u> <u>Colonial Penn Ins. Co. v. Coil</u>, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that the most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (internal citations omitted).

7

602553_1

on diversity jurisdiction is not available to them. As such, the Aminas are barred by 28 U.S.C. § 1446(b)(2) from removing the case.

III.  CONCLUSION

As set forth above, the Aminas received the Complaint on April 19, 2018, triggering the 30-day period in which the Aminas had the opportunity to remove the case if there were reasonable grounds. Thus, the Aminas' removal was untimely filed and the case must be remanded. In addition to the untimely removal the Aminas are unable to demonstrate any basis for their removal to federal court based on diversity jurisdiction (or federal question juriscition). Accordingly, this Court does not have jurisdiction over this matter and it must be remanded to state court.

DATED:   Honolulu, Hawaii, July 5, 2018.

/s/ Adrian L. Lavarias
CRYSTAL K. ROSE
ADRIAN L. LAVARIAS
GEORGIA ANTON

Attorneys for Plaintiff
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC2