IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WMC2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC2,<br><br>          Plaintiff,<br><br>     vs.<br><br>DONNA MAE AMINA, ALSO KNOWN AS DONNA M. AMINA; MELVIN KEAKAKU AMINA ALSO KNOWN AS MELVIN K. AMINA; ASSOCIATION OF APARTMENT OWNERS OF 2304 METCALF STREET; and DOES 1 through 20, Inclusive,<br><br>          Defendants. | CIVIL NO. 18-00225 DKW-KSC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND |

<u>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND</u>

Before the Court is Plaintiff U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WMC2, Asset Backed Pass-Through Certificates, Series 2006-WMC2's ("Plaintiff") Motion to Remand, filed June 25, 2018. At the Court's direction, Plaintiff filed a Supplemental Memorandum on July 5, 2018.

The Court elects to decide this matter without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice

for the U.S. District Court for the District of Hawaii.[1]  After careful consideration of the Motion, the Supplemental Memorandum, the record, and the applicable law, the Court HEREBY RECOMMENDS that Plaintiff's Motion be GRANTED for the reasons set forth below.

## BACKGROUND

On April 5, 2018, Plaintiff commenced this action in the Circuit Court of the First Circuit, State of Hawaii. Plaintiff asserts two causes of action:  1) declaratory relief and 2) judicial foreclosure.  Defendants Donna Mae Amina and Melvin Keakaku Amina (collectively "the Aminas") were served with the Complaint on April 19, 2018.  Mot., Ex. B.

On June 14, 2018, the Aminas removed the action on the basis of federal question and diversity jurisdiction.  Notice of Removal ("Notice") at ¶¶ 6-7.  Included in the Notice are the following averments:  1) the Notice is timely filed; 2) federal question jurisdiction exists because the foreclosure of a mortgage is an "attempt to collect" pursuant to the Fair Debt Collection Practices Act ("FDCPA"); 3) diversity jurisdiction exists because the amount in controversy exceeds $75,000.00 and the action is between citizens of different states.  Id. at ¶¶ 2,

---

[1] The Court also elects to proceed without full briefing. The record is sufficiently clear to evaluate the arguments presented by Plaintiff.  The Court would not be assisted by any response and, under the circumstances, any arguments presented in further briefing could not cure improper removal.

6 & 7. The Aminas claim that they are not citizens of Hawaii nor are they domiciled here because the processes of Hawaii's statehood and membership in the union were legally defective.[2]

The instant Motion followed.

## DISCUSSION

Plaintiff seeks remand of this action to state court on the following grounds: 1) removal is untimely; 2) federal question jurisdiction is lacking; 3) diversity jurisdiction has not been established; and 4) 28 U.S.C. § 1441(b)(2)[3] bars removal.

The Aminas removed the instant case on the basis of federal question and diversity jurisdiction. Under 28 U.S.C. § 1441, a defendant may remove a civil action brought in a state court to federal district court if the district court has original jurisdiction. Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679-80 (9th Cir. 2006). "Removal . . . statutes

---

[2] It is unclear why the Aminas now elect to make this misrepresentation because they have claimed to be citizens of Hawaii in multiple other actions in this district, including another currently pending action. See Civil No. 18-00143 DKW-KSC, Amina, et al. v. WMC Finance Co., et al., Compl. at ¶ 65 ("Plaintiffs are citizens of Hawaii."); Civil No. 11-00747 JMS-BMK, Amina, et al. v. Bank of New York Mellon, et al., Compl. at ¶ 6 (same), Amend. Compl. at ¶ 12, Second Amend. Compl. at ¶ 12; Civil No. 10-00165 JMS-KSC, Amina, et al. v. WMC Mortgage Corp., et al., Compl. at ¶ 8, Amend. Compl. at ¶ 8, Second Amend. Compl. at ¶ 8. The Aminas' citizenships are relevant to the extent that removal is based upon diversity of citizenship.

[3] Plaintiff incorrectly cited 28 U.S.C. § 1446.

are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'" Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting Luther v. Countrywide Home Loans Serv. LP, 533 F.3d 1031, 1034 (9th Cir.2008)); Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006); California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).

There is a strong presumption against removal jurisdiction, which "means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)); California ex rel. Lockyer, 375 F.3d at 838 ("[T]he burden of establishing federal jurisdiction falls to the party invoking the statute."); Durham, 445 F.3d at 1252 (Courts resolve any doubts about the propriety of removal in favor of remanding the case to state court).  Courts should presume that a case lies outside the limited jurisdiction of the federal courts. Hunter, 582 F.3d at 1042.

A.  The Aminas Untimely Removed on the Basis of Federal Question Jurisdiction

The timing of removal is governed by § 1446(b), which provides:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
>
> . . . .
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).  Section 1446 affords two thirty-day windows during which a defendant may remove an action.  The Ninth Circuit has held that "the first thirty-day period for removal in 28 U.S.C. § 1446(b) only applies if the case stated by the initial pleading is removable on its face."  Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005); Durham, 445 F.3d at 1252.  Indeed, "the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin."  Harris, 425 F.3d at 695; Kerr v. Delaware N. Companies, Inc., No. 116CV01797LJOSAB, 2017 WL 880409, at *1 (E.D. Cal. Mar. 6, 2017) (citation omitted) ("If there is no basis for removal evident within the 'four corners' of a pleading, it is not removable and the 30 day time limit does not begin to run.").

5

Section "1446(b)(3) applies only where a 'voluntary' act of the plaintiff brings about a change that renders the case removable." Busch v. Jakov Dulcich & Sons LLC, No. 15-CV-00384-LHK, 2015 WL 3792898, at *4 (N.D. Cal. June 17, 2015) (quoting Self v. Gen. Motors Corp., 588 F.2d 655, 657–58 (9th Cir. 1978)) (internal quotation omitted). Section 1446(b)(3) "requires a paper that shows a ground for removal that was previously unknowable or unavailable." Chan Healthcare Grp., PS v. Liberty Mut. Fire Ins. Co., 844 F.3d 1133, 1142 (9th Cir. 2017) (citing 14C Charles Alan Wright et al., Federal Practice and Procedure § 3731 (4th ed. 2016)).

In support of their assertion of federal question jurisdiction, the Aminas posit that the foreclosure of a mortgage is an "attempt to collect" pursuant to the FDCPA. Whether or not federal question jurisdiction exists is determined by the well-pleaded complaint rule, which "'provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Hunter, 582 F.3d at 1042 (quoting Fisher v. NOS Commc'ns, 495 F.3d 1052, 1057 (9th Cir. 2007)); Kerr, 2017 WL 880409, at *1; Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821 (9th Cir. 1985) (citations omitted) ("A case 'arises under' federal law only if the federal question appears on the face of the plaintiff's well-pleaded complaint."). Thus, "removal based

on federal question jurisdiction is improper unless a federal claim appears on the face of a well-pleaded complaint." Redwood Theatres, Inc. v. Festival Enters., Inc., 908 F.2d 477, 479 (9th Cir. 1990) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983); Gully v. First Nat'l Bank, 299 U.S. 109, 113 (1936)). The federal question may not be aided by the answer or by the petition for removal. Takeda, 765 F.2d at 822 (citation omitted). A counter-claim presenting a federal question does not create removability. Id.

If the Aminas genuinely believe that Plaintiff's judicial foreclosure claim, as presented in the Complaint, implicates the FDCPA, the first 30-day period was triggered on April 19, 2018, the day they were served. Insofar as the Aminas filed the Notice 56 days after service was effectuated, removal on the basis of federal question jurisdiction is untimely.

The Aminas may not avail themselves of § 1446(b)(3)'s second 30-day window because there was no voluntary act by Plaintiff that brought about a change that rendered the case removable (when it previously was not). Nor is there a paper showing a ground for removal that was previously unknown or unavailable.

B.   The Aminas Improperly Removed Based on Diversity Jurisdiction

The Aminas also improperly removed the action based on

7

diversity jurisdiction.[4]  In attempting to invoke diversity jurisdiction, the Aminas state that Plaintiff is a national association; that Plaintiff's headquarters are in Minnesota; that SEC documents refer to Cincinnati, Ohio; and that the Complaint identifies $1,295,451.05 as the amount in controversy.  As earlier discussed, the Aminas erroneously disclaim Hawaii citizenship due to alleged legal defects in the statehood process.

      Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states.  See 28 U.S.C. § 1332(a)(1).  Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants.  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).  A procedural limitation, known as the forum defendant rule, also applies.  It provides that actions based on diversity jurisdiction may only be removed if none of the properly joined and served defendants is a citizen of the state in which the action is brought.  28 U.S.C. § 1441(b)(2); Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 939 (9th Cir. 2006) (Section 1441 "confines removal on the basis

---

[4]  The Court need not discuss the timeliness of removal based on diversity jurisdiction because the removal was improper for the other reasons discussed herein.

of diversity jurisdiction to instances where no defendant is a citizen of the forum state").

The Aminas' removal on the basis of diversity jurisdiction fails for multiple reasons.  First, removal violates the forum defendant rule.[5]  Notwithstanding the Aminas' nonsensical and contradictory representation that they are not citizens of Hawaii given Hawaii's illegal statehood, multiple records within this district establish that they are in fact citizens of Hawaii.  As such, the forum defendant rule precluded the Aminas from removing this action on the basis of diversity jurisdiction.

Second, even if the forum defendant rule did not prohibit removal, the Aminas have not articulated with sufficient particularity the parties' citizenships to establish diversity jurisdiction.[6]  They assert that public records show that

---

[5] Because "this additional limitation on diversity-based removal jurisdiction is a procedural, or non-jurisdictional, rule," any such challenges are subject to the 30-day limitation set forth in §1447(c).  Lively, 456 F.3d at 939-41 (9th Cir. 2006) (holding that "the forum defendant rule embodied in § 1441(b) is a procedural requirement, and thus a violation of this rule constitutes a waivable non-jurisdictional defect subject to the 30-day time limit imposed by § 1447(c)").  Section 1447(c) provides:  "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  28 U.S.C. § 1447(c).  Plaintiff timely raised the Aminas' violation of the forum defendant rule.

[6] The Complaint likewise does not include averments concerning the parties' citizenships.

Plaintiff's headquarters are in Minnesota and that SEC documents refer to Cincinnati, Ohio.  A "national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."  <u>Wachovia Bank v. Schmidt</u>, 546 U.S. 303, 307 (2006); <u>Rouse v. Wachovia Mortg., FSB</u>, 747 F.3d 707, 715 (9th Cir. 2014) ("We hold that, under § 1348, a national banking association is a citizen only of the state in which its main office is located.").  The Aminas have not affirmatively identified the state where Plaintiff's main office is located, as set forth in its articles of incorporation.  Moreover, as already discussed, the Aminas misrepresent that they are <u>not</u> citizens of Hawaii.[7]  The Aminas have therefore failed to establish the existence of diversity jurisdiction.

In sum, removal is untimely to the extent the Aminas removed on the basis of federal question jurisdiction.  To the extent the Aminas removed on the basis of diversity jurisdiction, removal is improper because it violates the forum defendant rule and because the Aminas failed to establish diversity jurisdiction.  Accordingly, the Court recommends that Plaintiff's Motion be GRANTED and that this action be remanded to state court.

---

[7] If this were true, the Aminas failed to provide their actual citizenships.

C.  Removal Expenses

The Court further recommends that the reasonable fees and costs incurred in connection with the removal be awarded to Plaintiff pursuant to 28 U.S.C. § 1447(c).  When a federal court remands a case, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The Supreme Court has stated that:  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (citations omitted).  The district court retains discretion to determine whether a given case presents unusual circumstances that warrant a departure from this rule.  Id.  The Martin Court also instructed that

> [t]he appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

Id.

Having found that the Aminas lacked any objectively reasonable basis for removal, and in exercising its discretion, the Court finds that an award of attorneys' fees and costs

incurred in connection with the improper removal is appropriate and warranted in this case.[8]  The reasonableness and amount of the fees and costs will be determined after Plaintiff's counsel submits a declaration in conformance with Local Rules 54.2 and 54.3(d).

## CONCLUSION

For the reasons stated above, the Court HEREBY RECOMMENDS that Plaintiff's Motion be GRANTED and that this action be remanded to the Circuit Court of the First Circuit, State of Hawaii.

IT IS SO FOUND AND RECOMMENDED.

DATED:   Honolulu, Hawaii, July 6, 2018.



Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 18-00225 DKW-KSC; U.S. BANK NAT'L ASS'N V. AMINA, ET AL.; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND

---

[8]  That the Aminas are *pro se* does not militate against an award, as they regularly engage in litigation, and their *pro se* status should not excuse them from consequences that other litigants are subjected to when failing to comply with rules and statutes.